UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRIANA MARTINEZ,

    Plaintiff,

v.                                   Case No.: 8:17-cv-1923-EAK-TGW

ASKINS & MILLER ORTHOPAEDICS,
ROLAND VANCE ASKINS, III, DARYL
MILLER, and CHRIS KLINGENSMITH,

    Defendants.
_____

## ORDER

This cause is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 31) and Motion for Attorneys' Fees and Costs (Doc. 32) (collectively, "Motions"). For the reasons set forth below, the Motions are **DENIED**.

On August 14, 2017, Plaintiff, on behalf of herself and other similarly situated current and former employees, initiated this lawsuit by filing a complaint against Defendants, through which she alleges multiple violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"). *See generally* (Doc. 1). Between August 18, 2017 and October 3, 2017, all Defendants were served with a copy of the summons and complaint. *See* (Docs. 15, 16, 21, 22). However, none of the Defendants have responded to the complaint or otherwise appeared in this action.

Plaintiff moved for entry of Clerk's default on November 3, 2017, *see* (Doc. 26). The Clerk entered a default against all Defendants on November 6, 2017. *See* (Docs. 27–30). Plaintiff filed the instant Motions on February 5, 2018. Through her Motion for Summary Judgment, Plaintiff contends that "the record material unequivocally establishes that there are no genuine disputes of material fact" and that she is "entitled to

Case No.: 8:17-cv-1923-EAK-TGW

judgment as a matter of law." *See* (Doc. 31 at 1). Notably, Plaintiff seeks summary judgment not only on behalf of herself, but also on behalf of "opt-in" plaintiffs Kristy Mollek and Kathy Herzog. *Id.* To that end, Plaintiff contends that (1) she is owed wages in the amount of $4,672.00, (2) Mollek is owed wages in the amount of $3,840.00, and (3) Herzog is owed wages in the amount of $9,360.00.[1] *Id.* at 14. Through her Motion for Attorneys' Fees, Plaintiff requests the Court award her $16,175.00 in fees and $909.86 in costs, for a total award of $17,084.86. *See* (Doc. 32 at 2). Plaintiff's attorneys' fee calculations account for time counsel spent ostensibly prosecuting claims on behalf of Plaintiff, Mollek, and Herzog. *See* (Doc. 32-1).

While collective actions under the FLSA indeed require putative class members to opt into the case, the district court must *first* certify an opt-in class under Section 216(b), and its decision to do so is within its own sound discretion. *See* 29 U.S.C. § 216(b); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (citations omitted). However, Plaintiff has yet to request conditional certification of a delineated collective class. That being the case, Mollek's and Herzog's "opt-ins," *see* (Docs. 11 and 12, respectively), are premature, and they, at this juncture, are not properly-named plaintiffs in this action. Consequently, Plaintiff cannot seek relief on their behalf through this lawsuit.

Nevertheless, even assuming that Plaintiff had properly joined Mollek and Herzog as plaintiffs, her Motions are still due to be denied. Summary judgment is governed by Rule 56. *See* F. R. Civ. P. 56. Generally, however, a court should only grant summary judgment "after adequate time for discovery." *See Celotex Corp. v. Catrett,* 477 U.S. 317,

---

[1] These figures include amounts for liquidated damages.

322 (1986). Here, not only has discovery not begun in this matter, but Defendants have not even appeared. Accordingly, the proper procedural step would be to move for a default judgment pursuant to Rule 55. See Fed. R. Civ. P. 55(b).

Rule 55 provides for a two-step default judgment process when a defendant fails to plead or otherwise defend. First, when a defendant has "failed to plead or otherwise defend . . . the clerk must enter the party's default" upon the plaintiff's request. See Fed. R. Civ. P. 55(a). Once the clerk enters default, the plaintiff may seek a default judgment under Rule 55(b)(1) or (2). See Fed. R. Civ. P. 55(b). If the defendant has failed to appear and "the plaintiffs claim is for a sum certain or a sum that can be made certain by computation," the plaintiff can request a default judgment from the clerk under Rule 55(b)(1). See Fed. R. Civ. P. 55(b)(1). If that is not the case, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Although, as noted above, the Clerk has entered a default as to all Defendants, Plaintiff made the exceedingly puzzling—and, indeed, erroneous—choice to then move for summary judgment pursuant to Rule 56, as opposed to default judgment pursuant to Rule 55. And because the Court is thus not in a position to render judgement, it is, of course, not in a position to decide entitlement to, or an appropriate award of, attorneys' fees.

In sum, Plaintiff's procedural missteps render her Motions both improper and premature. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 31) and Motion for Attorneys' Fees and Costs (Doc. 32) are **DENIED WITHOUT PREJUDICE**.

Case No.: 8:17-cv-1923-EAK-TGW

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22 day of May, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record